UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HECTOR MANSO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-145-JWD-RLB** |
| **CF INDUSTRIES NITROGEN, LLC** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 2, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HECTOR MANSO                                            CIVIL ACTION

VERSUS                                                  NO. 17-145-JWD-RLB

CF INDUSTRIES NITROGEN, LLC

### REPORT AND RECOMMENDATION

This matter was removed to this court on March 15, 2017. A scheduling order was entered on April 25, 2017. Plaintiff's previous counsel, John L. Young, was allowed to withdraw as counsel of record for plaintiff on January 24, 2018. The motion represented that Mr. Manso was aware of the withdrawal of counsel and that he was seeking a new attorney. In the court's order allowing John L. Young and Matthew W. Langenberg[1] to be withdrawn as counsel for plaintiff, the Court set a telephone status conference for January 31, 2018 at 2:00 p.m. before the undersigned. The Court directed plaintiff Hector Manso to personally participate in the telephone conference and directed that the order setting the conference be sent to Plaintiff at his last known address at 40149 Pecan Allee Dr., Ponchatoula, LA 70959. Plaintiff's address of record is the address provided to the Court in the motion to withdraw as counsel.

Plaintiff failed to participate in the telephone status conference on January 31, 2018. The Court then issued an order for plaintiff Hector Manso to personally appear before the undersigned Magistrate Judge at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom 6, in Baton Rouge, Louisiana, at 10:00 a.m. on February 28, 2018 and show cause why sanctions should not be imposed or a recommendation of dismissal be issued for his failure to participate in a telephone status conference as ordered. In addition, the Court

---

[1] Matthew W. Langenberg is not admitted to practice in the Middle District of Louisiana.

directed the Clerk of Court to serve a copy of the show cause order upon plaintiff Hector Manso by regular mail and certified mail return receipt requested at his last known address at 40149 Pecan Allee Drive, Ponchatoula, Louisiana 70959. This order informed plaintiff that failure to appear could result in the dismissal of this matter without further notice.

Notice was sent to plaintiff by regular and certified mail. The certified mail receipt was returned to the clerk's office signed by plaintiff. (R. Doc. 16). On February 28, 2018 at 10:00 a.m., court was convened and this matter was called. Plaintiff failed to appear in court and show cause why sanctions should not be imposed or a recommendation of dismissal be issued for his failure to participate in a telephone status conference as ordered.

Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order. Plaintiff has taken no other action in this case and has repeatedly ignored orders issued by the court.

As a practical matter, the case cannot proceed against the defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Plaintiff's failure to prosecute his own claims effectively deprives the defendant of the opportunity to defend itself from the allegations made against it. The plaintiff has repeatedly failed to respond to court orders, and has failed to prosecute this action.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on March 2, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**